JOHN KELLY *v.* THOS. COOK,—On a Rule taken by McGUIGAN.

Article 684 of the Code of Practice, which prohibits a sale of property under execution, if the price offered does not exceed the amount of the privileges and mortgages with which it is encumbered ; and the article that authorizes the sheriff to raise the mortgage, the inscription of which is subsequent in date to that of the mortgage under which the sale is made, have exclusive reference to conventional mortgages.

APPEAL from the Second District Court of New Orleans, *Lea,* J.  *T. W. Collins,* for *McGuigan.*  *Bright,* for *Mrs. Cook.*  *W. W. King,* for Recorder of Mortgages.  By the court :

·ROST, J. This case is not distinguishable from that of *Young* v. *Municipality No. One,* under the authority of which the district judge has decided it. The principle settled in that case is, that article 684 of the Code of Practice, which prohibits a sale of property under execution if the price offered does not exceed the amount of the privileges and mortgages with which it is encumbered, and the article which authorizes the sheriff to raise the mortgages, the inscription of which is subsequent in date to that of the mortgage under which the sale is made, have exclusive reference to conventional mortgages, and that no power is conferred upon either the sheriff or the judiciary to order judicial mortgages to be erased from the books of the recorder. This decision was made without reference to the date of the inscription of the judicial mortgages, and it is evident that no distinction can be made under the law.

The mortgage of which the appellant in this case claims the release, is a judicial mortgage, resulting from the inscription of a judgment of separation of property, obtained by the wife of the judgment debtor against her husband ; and neither the sheriff nor the district court were authorized to erase it. Whether this mortgage affects the property after the sale, is a question not before us under the issue.

Judgment affirmed, with *costs.*